IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BRANDYN ANDERSON,        )
                         )
         Petitioner,     )
                         )
    v.                   )    No. 15 C 2732
                         )
JACQUELINE LASHBROOK, Warden )
Pickneyville Correctional Center, )
                         )
         Respondent.     )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Petitioner Brandyn Anderson's (Anderson) *pro se* petition for writ of habeas corpus (Petition) brought pursuant to 28 U.S.C. § 2254. For the reasons stated below, the Petition is denied.

## BACKGROUND

In 2004, in a bench trial in Illinois state court, Anderson was convicted of first-degree murder when he fired a gun multiple times into an occupied vehicle (Vehicle) during a gang dispute. Anderson was sentenced to thirty-three years in prison. Anderson filed an appeal, which was denied in June 2009. Anderson then filed a petition for leave to appeal (PLA) with the Illinois Supreme Court, which was denied in September 2000. Anderson then filed a postconviction petition, which was

1

dismissed in May 2012. Anderson then filed an appeal, and the trial court was affirmed in June 2014. The record does not reflect that any PLA was filed for the postconviction petition. On March 27, 2015, Anderson filed the instant Petition.

## LEGAL STANDARD

An individual in custody pursuant to state court judgment may seek a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which provides the following:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The decision made by a state court is deemed to be contrary to clearly established federal law "'if the state court applies a rule different from the governing law set forth in [Supreme Court] cases, or if it decides a case differently than [the Supreme Court has] done on a set of materially indistinguishable facts.'" *Emerson v. Shaw*, 575 F.3d 680, 684 (7th Cir. 2009)(quoting *Bell v. Cone*, 535 U.S. 685, 694 (2002)). The decision by a state court is deemed to involve an unreasonable application of clearly established federal law "'if the state court correctly identifies the governing legal principle from [Supreme Court] decisions but unreasonably applies it to the facts of the particular case.'" *Emerson*, 575 F.3d at 684 (quoting

2

*Bell*, 535 U.S. at 694).

## DISCUSSION

This court has liberally construed Anderson's *pro se* filings. *See Perruquet v. Briley*, 390 F.3d 505, 512 (7th Cir. 2004)(stating that "[a]s [the plaintiff] was without counsel in the district court, his habeas petition [wa]s entitled to a liberal construction"); *Greer v. Board of Educ. of City of Chicago, Ill.*, 267 F.3d 723, 727 (7th Cir. 2001)(indicating that a court should "liberally construe the pleadings of individuals who proceed *pro se*"). Anderson asserts in the Petition: (1) that his appellate counsel on direct appeal was ineffective because he did not argue that Anderson's confession was coerced (Claim 1), (2) that Anderson is actually innocent (Claim 2), (3) that his trial counsel was ineffective because he allegedly did not investigate sources that were favorable to the defense and failed to properly support a misidentification defense (Claim 3), and (4) that his trial counsel was ineffective because he did not call certain alibi witnesses (Claim 4).

I. Claims 1 and 2

Respondent argues that Claim 1 is procedurally defaulted and the exception presented in Claim 2 is not applicable. As indicated above, Anderson argues in Claim 1 that his appellate counsel on direct appeal was ineffective because he did not argue that Anderson's confession was coerced, and Claim 2 presents the actual innocence exception to default.

3

A. Default

Respondent contends that Anderson failed to present Claim 1 through one complete round of the state court appellate process. A district court "cannot review a habeas petitioner's constitutional issue unless he has provided the state courts with an opportunity to resolve it 'by invoking one complete round of the state's established appellate review process.'" *Byers v. Basinger*, 610 F.3d 980, 985 (7th Cir. 2010)(quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). If a habeas petitioner failed to "properly assert[] his federal claim at each level of state court review," the petitioner is deemed to have "procedurally defaulted that claim." *Malone v. Walls*, 538 F.3d 744, 753 (7th Cir. 2008)(quoting *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004)); *see also Johnson v. Hulett*, 574 F.3d 428, 431 (7th Cir. 2009)(stating that "[t]o obtain federal habeas review, a state prisoner must first submit his claims through one full round of state-court review," and that "[t]he penalty for failing to fully and fairly present [] arguments to the state court is procedural default"). A petitioner, in exhausting his state court remedies, has "'the duty to fairly present his federal claims to the state courts.'" *Malone*, 538 F.3d at 753 (stating that fair presentment includes "'the petitioner . . . assert[ing] his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings'")(quoting *Lewis*, 390 F.3d at 1025).

The record reflects that Anderson did not present Claim 1 in his PLA filed on direct appeal. (R Ex. E 3). Anderson also failed to present Claim 1 to the Illinois Appellate Court on the appeal of the dismissal of his postconviction petition. (R Ex.

G 2); *People v. Anderson*, 2014 IL App (1st) 121912-U, ¶ 2. Thus, Anderson failed to present Claim 1 through one complete round of the state appellate process and the claim is defaulted. The court notes that even if the claim was not defaulted it lacks any merit.

### B. Justification to Excuse Default

Respondent also argues that there are no facts in this case that provide a justification to excuse the default of Claim 1. A procedurally defaulted claim can still be considered by a district court "if a petitioner can show cause and prejudice or a fundamental miscarriage of justice." *Coleman v. Hardy*, 628 F.3d 314, 318 (7th Cir. 2010); *see also Kaczmarek v. Rednour*, 627 F.3d 586, 591 (7th Cir. 2010)(stating that "[a] federal court on collateral review will not entertain a procedurally defaulted constitutional claim unless the petitioner can establish cause and prejudice for the default or that the failure to consider the claim would result in a fundamental miscarriage of justice"); *Holmes v. Hardy*, 608 F.3d 963, 968 (7th Cir. 2010)(stating that a "way to avoid procedural default is to show actual innocence, that is, to show that in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt")(internal quotations omitted)(quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *Promotor v. Pollard*, 628 F.3d 878, 887 (7th Cir. 2010)(stating that "default could be excused if [the petitioner] can establish cause and prejudice, or establish that the failure to consider the defaulted claim will result in a fundamental

5

miscarriage of justice"). In the instant action, Anderson has not provided facts showing that he was prevented from properly presenting Claim 1 in the state system in order to avoid the procedural default. Anderson has not shown cause and prejudice.

Nor has Anderson shown actual innocence or a fundamental miscarriage of justice that would excuse the procedural default. In order to satisfy that exception a petitioner must "demonstrate, based on new, reliable evidence, that in light of new evidence, it is more likely than not that no reasonable juror would find him guilty beyond a reasonable doubt" *Blackmon v. Williams*, 823 F.3d 1088, 1099 (7th Cir. 2016). Anderson has not presented any new evidence indicating his innocence. The record contains ample evidence to prove his guilt. Therefore, Claim 2 based on actual innocence lacks any merit.

II. Claims 3 and 4

Respondent argues that part of Claim 4 is procedurally defaulted and that Claims 3 and 4 lack any merit. As indicated above, in Claim 3 Anderson argues that his trial counsel was ineffective because he allegedly did not investigate sources that were favorable to the defense and failed to properly support a misidentification defense, and in Claim 4 Anderson argues that his trial counsel was ineffective because he did not call certain alibi witnesses.

A. Procedural Default

Respondent argues that part of Claim 4 is procedurally defaulted. Anderson argues that his trial counsel should have called alibi witnesses such as Kathy Randolph, and Clifton Johnson. (R Ex. G: 13). However, as the Illinois Appellate Court noted on the review of the postconviction dismissal, Anderson never raised Kathy Randoph or Clifton Johnson during the direct appeal. *People v. Anderson*, 2014 IL App (1st) 121912-U, ¶ 19. The court also found that Anderson had waived arguments in regard to Kathy Randolph, and Clifton Johnson. *Id.* Anderson also did not file a PLA for his postconviction petition. Thus, Claim 2 in regard to Kathy Randoph or Clifton Johnson was not raised through a complete round of the state court appellate process, and was denied by the state court on an independent and adequate state law ground. *See Lee v. Foster*, 750 F.3d 687, 693 (7th Cir. 2014)(stating that on federal habeas review, a court "will not entertain questions of federal law in a habeas petition when the state procedural ground relied upon in the state court 'is independent of the federal question and adequate to support the judgment'")(quoting *Coleman v. Thompson*, 501 U.S. 722, 729 (1991)).

In regard to the defaulted portion of Claim 4, Anderson has not provided facts showing that he was prevented from properly presenting that portion of Claim 4 in the state system in order to avoid the procedural default. Anderson has not shown cause and prejudice. Nor has Anderson shown actual innocence or a fundamental miscarriage of justice that would excuse the procedural default.

### B. Merits of Ineffective Assistance of Counsel Claims

Respondent argues that the ineffective assistance of counsel claims in Claims 3 and 4 lack any merit. To show ineffective assistance of counsel, a petitioner must establish that: "(1) his attorney's performance fell below an objective standard of reasonableness, and (2) he suffered prejudice as a result." *Wyatt v. United States*, 574 F.3d 455, 457-58 (7th Cir. 2009)(citing *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984)).

Anderson indicates that he does not agree with his trial counsel's strategic decisions regarding what witnesses to call at trial. Anderson also criticizes the manner in which his trial counsel supported the misidentification defense. However, disagreement with trial strategies is not sufficient to show that counsel was ineffective. *See McElvaney v. Pollard*, 735 F.3d 528, 532 (7th Cir. 2013)(stating that "[i]n evaluating an attorney's performance, courts must defer to any strategic decision the lawyer made that falls within the wide range of reasonable professional assistance, even if that strategy was ultimately unsuccessful")(internal quotations omitted)(quoting *Strickland*, 466 U.S. at 689); *Wyatt*, 574 F.3d at 457-58 (stating that a "movant must overcome the 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance'").

In addition, even if Anderson could show that his counsel should have presented the defense in a different manner, the record reflects that there was no prejudice to Anderson. The trial judge was presented at trial with a videotaped confession from Anderson in which Anderson admitted to firing a gun into the Vehicle. That confession was never properly challenged by Anderson during the

8

state court appellate process. In addition, the record shows that there was other evidence such as certain eyewitness testimony that corroborated evidence proving Anderson's guilt. There was ample evidence in the record to prove Anderson's guilt beyond a reasonable doubt. Anderson has failed to show any prejudice from his trial counsel's representation. The ineffective assistance of counsel claims in Claims 3 and 4 thus lack any merit. Based on the above, the Petition is denied in its entirety.

III. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the court must issue or deny a certificate of appealability "when it enters a final order adverse to the applicant." *Id.* A district court should only issue a certificate of appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must also show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)(quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). In the instant action, Anderson has not made a substantial showing of the denial of a constitutional right as to any claims presented in his Petition. Nor has Anderson shown that reasonable jurists could debate whether the Petition should have been resolved in a different manner or that the issues presented in the Petition deserve encouragement to proceed further. Therefore, should Anderson decide to appeal this court's ruling, this court

finds that a certificate of appealability would not be warranted, and is denied.

## CONCLUSION

Based on the foregoing analysis, the Petition is denied.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: August 26, 2016